UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADELAIDE CORNELL,
    Plaintiff,

vs.     05-1389

RAY GUBBLES, et al.
    Defendants.

ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review by video conferencing.

    The plaintiff has filed her lawsuit pursuant to 42 U.S.C. §1983 against three defendants from Dwight Correctional Center including Sergeant Ray Gubbles, Officer Barbara Hoffmeyer and Officer Grove. The plaintiff is suing the defendants in their individual and official capacities.

    The plaintiff says on July 9, 2004, a correctional officer collected a personal letter the plaintiff had written. Officer Gubbles then read the letter over the public address system at the prison. During the merit review hearing, the plaintiff stated that Officers Grove and Hoffmeyer also participated in reading the letter over the intercom. The plaintiff has stated a violation of her Fourth and possibly First Amendment rights.

    Officer Gubbles then proceeded to enter the plaintiff's cell and push, punch and kick her. The plaintiff says Gubbles injured her injuring her arm, head and breast. The plaintiff says Officer Grove did not intervene during the attack. The plaintiff has stated violations of her Eighth Amendment rights.

    During the merit review hearing, the plaintiff says she asked Officer Tammy Bentley for medical attention for her injuries on July 9, 2004, but was refused. The plaintiff says Officer William Hurly refused her request on July 10, 2004. The court will add the two defendant's names as the plaintiff has stated a violation of her Eighth Amendment rights.

    The court notes that the plaintiff states she wants criminal charges of assault and battery against Officer Gubbles. The plaintiff is advised that any criminal charges would have to be considered by the local States' Attorneys Office, not the federal court

    Lastly, the plaintiff has failed to state any official capacity claim against the defendants. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The

Eleventh Amendment bars suit for damages against defendants insofar as they are sued in their official capacities.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to add Defendants Tammy Bentley and William Hurley to this lawsuit. Both are correctional officers at Dwight Correctional Center. To expedite this case, the clerk is also directed to fill out the service and summons forms for these defendants.**

**2) The plaintiff has adequately alleged that:**
**a) Officer Gubbles used excessive force against the plaintiff in violation of her Eighth Amendment rights on July 9, 2004.**
**b) Officer Grove failed to protect the plaintiff from the attack on July 9, 2004 in violation of the Eighth Amendment.**
**c) Officers Gubbles, Grove and Hoffmeyer violated the plaintiffs First and Fourth Amendment[1] rights when they confiscated a personal letter and read it over the intercom.**
**d) Officers Tammy Bentley and William Hurley violated the plaintiff's Eighth Amendment rights when they refused the plaintiff's requests for medical care. The claims are against the defendants in their individual capacities only.**

**3) This case shall proceed solely on the federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**3) A copy of this order shall be served with the Complaint and Scheduling Order.**

**4) The clerk of the court shall provide copies of this order to the U.S. Marshals Office for service upon the defendants when the plaintiff's motion for in forma pauperis has been determined.**

**5) This case is referred to the magistrate judge for consideration of the motion to proceed in forma pauperis and scheduling order.**

Entered this 24th day of January, 2006.

　　　　　　　　　　s\Harold A. Baker
　　　　　　　　　HAROLD A. BAKER
　　　　　　UNITED STATES DISTRICT JUDGE

---

[1]At this point in the litigation the court is unsure exactly which Amendment is implicated.