UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADELAIDE CORNELL,
    Plaintiff,

vs.                                                                                            05-1389

RAY GUBBLES, et al.
    Defendants.

## SECOND MERIT REVIEW ORDER

This cause is before the court for consideration of the plaintiff's motion for leave to file an amended complaint [d/e 29]; the plaintiff's motion for leave to take depositions [d/e 30] and the plaintiff's and defendants' motions for an extension of time to complete discovery. [d/e 31, 32, 35]

The plaintiff has filed a motion for leave to file an amended complaint along with a proposed amended complaint. The pro se plaintiff initially filed a complaint pursuant to 42 U.S.C. §1983 in December of 2005. The court conducted a merit review of the plaintiff's complaint on January 24, 2006. The plaintiff has now retained counsel to represent her and wishes to clarify some of her claims as well as add additional federal and state law claims. The defendants have no objection to the filing of the amended complaint.

The plaintiff's motion for leave to file an amended complaint is granted. [d/e 29] The clerk of the court will be directed to file the attached amended complaint. The court must still conduct a merit review of the amended complaint pursuant to 28 U.S.C. §1915A. The court is required to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

## MERIT REVIEW

The plaintiff has filed her amended complaint pursuant to 42 U.S.C. §1983 and state law against the same five defendants at Dwight Correctional Center: Sergeant Ray Gubbles and Correctional Officers Barbara Hoffmeyer, Andrew Grove, Tammy Bentley and William Hurley. The plaintiff is suing the defendants in their individual capacities.

The plaintiff's complaint clearly sets out each of her allegations and states:

1) Defendant Gubbles violated her Eighth Amendment rights by the use of excessive force on July 9, 2004;

2) Defendant Grove violated her Eighth Amendment rights when he failed to protect the plaintiff from the attack by Defendant Gubbles on July 9, 2004;

3) Defendants Gubbles, Grove and Hoffmeyer violated the plaintiff's Fourth Amendment

1

rights based on the unreasonable search and seizure of the plaintiff's personal mail;

4) Defendants Gubbles, Grove and Hoffmeyer violated the plaintiff's First Amendment rights based on interception and public reading of the plaintiff's personal mail on July 9, 2004;

5) Defendants Hurley and Bentley violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical needs;

6) Defendant Gubbles committed the state law offense of assault and battery on July 9, 2004; and,

7) Defendants Gubbles, Grove and Hoffmeyer committed the state law offense of intentional infliction of emotional distress.

## DISCOVERY MOTIONS

The plaintiff has filed a motion for leave to take the depositions of three witnesses currently confined in the Illinois Department of Corrections: Antonia Lopez (#R37064); Kimberly Britts (#B47044); and Sherida Parks (#R39339). The defendants do not object to the motion. The motion is granted. [d/e 30]

The parties have filed various motions asking for additional time to complete discovery and take the depositions. [d/e 31, 32, 25]. The motions are granted.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for leave to file an amended complaint is granted. [d/e 29] The clerk of the court is directed to file the attached amended complaint.**

**2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal and state claims:**

    **a) Defendant Gubbles violated her Eighth Amendment rights by the use of excessive force on July 9, 2004;**

    **b) Defendant Grove violated her Eighth Amendment rights when he failed to protect the plaintiff from the attack by Defendant Gubbles on July 9, 2004;**

    **c) Defendants Gubbles, Grove and Hoffmeyer violated the plaintiff's Fourth Amendment rights based on the unreasonable search and seizure of the plaintiff's personal mail;**

    **d) Defendants Gubbles, Grove and Hoffmeyer violated the plaintiff's First Amendment rights based on interception and public reading of the plaintiff's personal mail on July 9, 2004;**

      e) Defendants Hurley and Bentley violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical needs;

      f) Defendant Gubbles committed the state law offense of assault and battery on July 9, 2004; and,

      g) Defendants Gubbles, Grove and Hoffmeyer committed the state law offense of intentional infliction of emotional distress.

**3)  All other claims based on federal or state law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4)  This case shall proceed solely on those federal and state claims identified in paragraph two above.  Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5)  The defendants shall file an answer to the amended complaint within twenty-one days of this order.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.**

**6) The plaintiff's unopposed motion for leave to take the depositions of three witnesses currently confined in the Illinois Department of Corrections: Antonia Lopez (#R37064); Kimberly Britts (#B47044); and Sherida Parks (#R39339) is granted. [d/e 30]**

**7) The plaintiff's and defendants' motions for an extension of time to complete discovery and take depositions are granted. [d/e 31, 32, 35]**

**8) The court will now abide by the following scheduling deadlines: 1) all discovery in this case shall be completed on or before August 31, 2007; and 2) any dispositive motions must be filed on or before September 24, 2007.**

      Entered this 25th Day of June, 2007.

                                  s\Harold A. Baker
                      _____
                                HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE