UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADELAIDE CORNELL,
    Plaintiff,

vs.                                         05-1389

RAY GUBBLES, et al.
    Defendants.

ORDER

      This cause is before the court for consideration of the defendant's renewed motion for judgement as a matter of law. [d/e 83]

      The plaintiff filed her complaint pursuant to 42 U.S.C. §1983 claiming that her constitutional rights were violated at Dwight Correctional Center. On March 2, 2009, the case proceeded to bench trial on the following claims:

1) Defendant Ray Gubbles violated the plaintiff's Eighth Amendment rights by the use of excessive force on July 9, 2004;
2) Defendant Andrew Grove violated the plaintiff's Eighth Amendment rights when he failed to protect the plaintiff from the attack by Defendant Gubbles on July 9, 2004;
3) Defendant Gubbles violated the plaintiff's First and Fourth Amendment rights based on the handling of the plaintiff's letters on July 9, 2004;
4) Defendant Gubbles committed the state law offense of assault and battery on July 9, 2004; and
5) Defendant Gubbles committed the state law offense of intentional infliction of emotional distress.

      At the conclusion of the trial, the court found that Defendant Gubbles had infringed the plaintiff's First, Fourth and Eighth Amendment rights and committed the state law offense of battery. However, the court found that Defendant Groves did not violated the Eighth Amendment, nor did Defendant Gubbles commit the state law offense of intentional infliction of emotional distress.

      The court awarded $1,000 in compensatory damages based on Gubbles violation of the Eighth Amendment and the state law offense of battery. The court awarded $500 in compensatory damages for Gubbles violation of the First and Fourth Amendment and $1,000 in punitive damages.

      Defendant Gubbles has now filed a renewed motion for judgement as a matter of law claiming that the plaintiff did not provide evidence that she suffered from any serious injury as the result of reading her mail and therefore cannot recover compensatory damage for an emotional or mental injury.

      The court notes that at the conclusion of the plaintiff's case, defense counsel made a motion pursuant to Rule 52 for judgement as a matter of law on the battery claim. Counsel maintained that

the plaintiff's actions were within the scope of his duties. The motion was denied. (Plain Memo, Ex.1, p. 3). Curiously, the defendant now makes his motion for a renewed motion for judgement as a matter of law pursuant to Federal Rule of Procedure 50(b) which applies only to jury trials. *See Federal Insurance Co. V. HPSC, Inc.,* 480 F.3d 26, 32 (1st Cir. 2007)("The strictures of Rule 50, however, do not apply in non-jury trials.") In addition, the defendant's motion addresses an issue not raised in the previous Rule 52 motion.

The court therefore will interpret the plaintiff's motion as a motion to reconsider the court's ruling. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not file his motion within this time frame. Therefore, the court will consider the plaintiff's motion as a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The defendant argues that the plaintiff is not entitled to compensatory damages for the violation of her First or Fourth Amendment rights because she did not suffer a physical injury, and cannot receive damages for emotional or mental injury. The defendant is correct that the prison litigation reform act states that:

> No Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C.§1997e(e).

However, "[i]t would be a serious mistake to interpret section 1997e(e) to require showing of physical injury in all prisoner civil rights suits." *Robinson v Page,* 170 F.3d 747, 748 (7th Cir. 1999). This statute merely limits a prisoner's ability to recover damages for mental and emotional distress, but he may still seek damages for other types of injury. *See Jones-Bey v Cohn,* 115 F.Supp2d 936, 939 (N.D. Ind. 2000).

In addition, a "deprivation of First Amendment rights standing alone is a cognizable injury." *Rowe v Shake,* 196 F.3d 778,781 (7th Cir. 1999). "Further, such an injury is compensable through so called "general-damages" or "presumed damages," even in the absence of proof of injury." *Carr v Whittenburg,* 2006 WL 1207286 at 3 (S.D. Ill. April 28, 2006). The Seventh Circuit has explained that a plaintiff in a 42 U.S.C. §1983 action can not recover damages based upon the abstract value or importance of a constitutional right, but "an injury to First Amendment rights is one that may be compensated through substantial money damages." *City of Watseka v Illinois Public Action Council,* 796 F.2d 1547, 1559 (7th Cir. 1986) *quoting Memphis Community School District v. Stachura,* 477 U.S. 299, 310, 311 N. 14 (1986)( affirming an award of $5,000 in presumed damages to a political canvassing company whose First Amendment rights were violated by a municipal ordinance limiting door-to-door soliciting); *see also Carr,* 2006 WL 1207286

(holding that a plaintiff may recover compensatory damages based on a claim that defendants retaliated against him by filing a false disciplinary report in violation of his First and Fourteenth Amendment rights).

The court notes that in an effort to determine compensatory damages in this case, the court referenced two cases that awarded compensatory damages based on an interference with an inmate's personal letters, but each case considered the plaintiff's emotional distress. *See* October 22, 2009 Final Order, p.7; *see also Jolivet v Deland*, 966 F.2d 573 (10th Cir. 1992); *see also Parrish v Johnson,* 800 F.2d 600 (6th Cir. 1986). The defendant is correct that both cases were decided prior to Prison Litigation Reform Act of 1996 and the court cannot base any compensatory damage amount on the plaintiff's emotional or mental distress.

However, the court believes compensatory damages are appropriate in this case. Not based on the emotional or mental distress caused to the plaintiff, but on the violation of the plaintiff's First Amendment rights and the chilling impact his actions had on the plaintiff's ability to send and receive personal letters. The plaintiff could expect that prison officials might read her letter for security purposes, but she could not anticipate that her highly personal letters would be read over a prison address system within hearing of other inmates and officers. The defendant robbed the plaintiff of whatever remains of an inmate's freedom from unreasonable seizures and the right to communication.

In addition, the court notes that the plaintiff did receive some physical injuries in this case. The plaintiff protested when the defendant read her letter over the intercom and the defendant responded by using excessive force. The exchange was one continuous event, not two distinct events.

For clarification of the court's ruling, the court will grant the plaintiff's motion to reconsider to the extent the court's order needs clarification. Nonetheless, the court will still award $500 in compensatory or general damages for the defendant's violation of the First and Fourth Amendment.

**IT IS THEREFORE ORDERED that:**

**the defendant's motion for reconsideration is granted to the extent that the court's October 22, 20009 Final Order needs clarification. [d/e 83] The damage awards remain as stated in the order.**

Enter this 29th day of September, 2010.

                                          **s/ Harold A. Baker**

                                       _____
                                          HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE