UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADELAIDE CORNELL,
     Plaintiff,

vs.                                     05-1389

RAY GUBBLES, et al.
     Defendants.

ORDER ON ATTORNEY FEES AND COSTS

This cause is before the court for consideration of the plaintiff's motion for attorney's fees [d/e 88] and Bill of Costs [d/e 91].

I. BACKGROUND

The plaintiff filed her complaint as a pro se litigant pursuant to 42 U.S.C. §1983 claiming that her constitutional rights were violated at Dwight Correctional Center.   Shortly after, counsel agreed to represent the plaintiff *pro bono*. On March 2, 2009, the case proceeded to bench trial on the following claims:

> 1) Defendant Ray Gubbles violated the plaintiff's Eighth Amendment rights by the use of excessive force on July 9, 2004;
> 2) Defendant Andrew Grove violated the plaintiff's Eighth Amendment rights when he failed to protect the plaintiff from the attack by Defendant Gubbles on July 9, 2004;
> 3) Defendant Gubbles violated the plaintiff's First and Fourth Amendment rights based on the handling of the plaintiff's letters on July 9, 2004;
> 4) Defendant Gubbles committed the state law offense of assault and battery on July 9, 2004; and
> 5) Defendant Gubbles committed the state law offense of intentional infliction of emotional distress.

At the conclusion of the trial, the court found that Defendant Gubbles had infringed the plaintiff's First, Fourth and Eighth Amendment rights and committed the state law offense of battery.   However, the court found that Defendant Groves did not violated the Eighth Amendment, nor did Defendant Gubbles commit the state law offense of intentional infliction of emotional distress.

The court awarded $1,000 in compensatory damages based on Gubbles violation of the Eighth Amendment and the state law offense of battery.  The court awarded $500  in compensatory damages for Gubbles violation of the First and Fourth Amendment and $1,000 in punitive damages.

1

## II. ATTORNEY FEES

The plaintiff has provided ample documentation of the time her attorneys spent litigating her claims over a three and a half year period. [d/e 89, Ex. A) The plaintiff acknowledges that she is limited to fees equal to 150 percent of the damages award in this case. 42 U.S.C. §1997e(d)(2). The plaintiff also acknowledges that the Prisoner Litigation Reform Act (herein PLRA) requires her to pay some portion of the attorney fees.

> Whenever a monetary judgement is awarded in an action...a portion of the
> judgement (not to exceed 25 percent) shall be applied to satisfy the amount
> of attorney's fees awarded against the defendant. 42 U.S.C.§ 1997e(d)(2).

The plaintiff is asking for 150 percent of the damage award or $3,750.00 in attorney fees.[1] [d/e 89] The plaintiff also argues that she should pay no more than one percent of the fee award, or $37.50.

The defendant does not dispute that the plaintiff is entitled to attorney fees of $3,750.00 in this case, but he claims the plaintiff should be required to pay a bigger portion of those fees. The defendant argues that the plaintiff should pay 25 percent of the fee, or $625.00. Therefore, the defendant would be responsible for $3125.00 of the damage award.

The defendant points to dicta in the Seventh Circuit opinion of *Johnson v Daley*, 339 F.3d 582, 584-5 (7th Cir. 2003). The appellate court noted that in regard to PLRA limitations the "attorneys' compensation comes first from the damages, as in ordinary tort litigation, and only if 25% of the award is inadequate to compensate counsel fully may defendant be ordered to pay more under Section 1988." *Id.* at 585. However, the court did not calculate the fee award or percentage set-off in this case, but instead "remanded for an award of attorneys' fees that complies with Section 1997e(d)." *Id.* at 598. The district court applied $200 of the $40,000 judgment toward the fee award (one-half percent). *Johnson v. Daley*, 98-C-518-C, 2003 WL 23274532 (W.D.Wis.2003).

Other district courts, including the Central District of Illinois, have concluded that §1997e(d)(2) requires some of the fee award to be satisfied from the plaintiff's judgment, but does not require 25% be applied in all cases. *See Farella v. Hockaday,* 304 F.Supp.2d 1076, 1081 (C.D.Ill.,2004)(" The section's plain language sets forth 25% as the maximum, not the mandatory amount."); *see also Livingston v. Lee*, 2007 WL 4440933 (N.D.N.Y., Dec 17, 2007)(Although the allocation is mandatory, the percentage to be allocated to attorney's fees is within the discretion of the court). *Lawrence v. Bowersox*, 297 F.3d 727, 735 (8th Cir. 2002)(remanding for set off not exceeding 25%; on remand, $50 of the $15,000 award was applied to fees); *Carbonell v. Acrish*, 154 F.Supp.2d 552 (S.D.N.Y.2001)(no set-off, per

---

[1]In the alternative, the plaintiff requests the market value of counsel's fees in the amount of $322,030.50.

agreement of parties); *Sutton v. Smith*, 2001 WL 743201 (D.Md.2001)($1.00 set off from $19,000.00 judgment); *Morrison v. Davis*, 88 F.Supp.2d 799, 811 (S.D.Ohio 2000)($1.00 of $15,000.00 judgment applied as set-off for fees); *Collins v. Algarin*, 1998 WL 10234 at *10 (E.D.Pa.1998)(noting that a minimum percentage was not required, but not determining the percentage at that time); *Clark v. Phillips*, 965 F.Supp. 331 (N.D.N.Y.1997)(noting that less than 25% could be applied, but applying 25% since party did not object).

This court concurs that based on the plain language of the statute, §1997e(d)(2) does not require 25 percent be applied in all cases. Having carefully considered this case, this court agrees with the plaintiff that 1 percent, or $37.50, of the plaintiff's judgment should be applied against the attorneys' fees awarded. The amount recognizes the plaintiff's original pro se status, the fact that counsel agreed to represent the plaintiff pro bono, the market value of the pro bono work, the length of the litigation and the seriousness of the constitutional violations. The court notes that it found punitive damages were appropriate in this case because the defendant displayed a reckless and callous indifference to the plaintiff's constitutional rights.

### III. COSTS

#### A. TAXABLE COSTS

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing party will recover costs. *See Beamon v. Marshall & Ilsley Tr. Co.,* 411 F.3d 854, 864 (7th Cir. 2005). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). However, the presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. *Weeks,* 126 F.3d at 945; *Dunn v. Rice*, 2007 WL 924027, at 1 (C.D. Ill. 2007). Generally, a court may deny costs for two reasons: 1) because the losing party is unable to pay; and 2) because the prevailing party engaged in misconduct. *Dunn*, 2007 WL 924027, at 1, *citing Weeks*, 126 F.3d at 945.

However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the costs requested are both reasonable and necessary. *See Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 454 (7th Cir. 1998). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). These are:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. §1920.

## B. BILL OF COSTS

The plaintiff has submitted a Bill of Costs totaling $7, 704.05. The plaintiff has itemized the following costs:

1) The plaintiff is seeking fees paid to the district court in the sum of $34.44. The defendant does not dispute this amount. [Def. Objections]

2) The plaintiff is requesting $298.50 in the services of subpoenas. The plaintiff has submitted a memorandum and affidavit stating that the first subpoena was served on the Illinois Department of Corrections and the second was served on Dwight Correctional Center. The defendants have objected stating it is unclear who was served and for what reason the subpoena was issued. In response to the defendant's objections, the plaintiff has provided copies of the subpoenas and notes that they were issued to obtain relevant documents such as medical files, internal investigation files, reports from the Defendant's disciplinary proceeding and photographs of the plaintiff's injuries. (Plain. Resp, p. 2)

3) The plaintiff says the court reporter fees for deposition and transcripts obtained for use in this case are $4, 857.50. The plaintiff says the following depositions and transcript costs were incurred: a) Deposition of witnesses Hoffmeyer and Grove, $791.28; b) Deposition of Plaintiff Cornell, $236.80; c) Deposition of Defendant Gubbles and witnesses Bentley and Hurley, $2,254.00; d) Deposition of White, Krug and Parks, $431.00-reporter attendance fee; d) Depositions of White, Krug and Parks, $1,144.53.

The plaintiff's are entitled to recover the costs of depositions and transcripts. *Cengr v. Fusibond,* 135 F.3d 445, 454 (7th Cir. 1998). However, the defendants object that those costs should not include depositions that are "taken merely for the convenience of the attorney or [are] purely investigative in nature." *NLFC, Inc. v. Devcom Mid- America, Inc,* 916 F. Supp. 751, 764 (N.D. Ill. 1996). For instance, the defendant objects to payment for the depositions of Defendants Grove, Hoffmeyer, Bentley and Hurley because Defendant Grove was found not liable and all claims against the other defendants were dismissed prior to trial. Nonetheless, the testimony of these individuals was important to the claims against Defendant Gubbles and each was called to testify at trial. Each witness was an eyewitness to the incident involving Defendant Gubbles, so the depositions were not purely investigative.

The defendant also objects to the deposition of witnesses Kevin White, Kim Krug and Sharita Parks. The court again disagrees. Sharita Parks was the plaintiff's room mate and also a

key witness to the events. Portions of her deposition were read at trial. In addition, the court noted the importance of Kevin White's testimony in its Final Order. *See* Findings of Fact, Conclusions of Law and Final Order, d/e 81, p 4. The defendants do not point to any specific reasons why the deposition of Kim Krug was investigatory. While not called at trial, Krug was apparently a second inmate witness. *See also Cengr,* 135 F.3d at 455. (proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court.) The court finds that the depositions were all reasonably necessary in this case.

The defendants also argue that the costs for depositions and transcripts should be reduced to comply with the rates set by the Judicial Conference of the United States. *See Mason v Smithkline Beacham Corp.*, 2008 WL 5397579 at 1 (C.D. Ill. Oct. 7, 2008). The rate set by the Judicial Conference is $3.65 per page for the original transcript and $.90 per page for the first copy. The plaintiff agrees with this assertion and states that none of the rates charged for the transcripts in this case exceed those rates. The transcription rate for each witness was $3.50 per page. Nonetheless, the plaintiff admits that the defendant is correct that she is limited to recovering $.90 per page for the cost of obtaining her deposition transcript because she did not obtain the original, but a first copy. (Plain. Reply, p. 4, Fn # 3). Therefore, the plaintiff states that she will seek $79.20 for the cost of this transcript. This would reduce the total costs for depositions and transcripts to $4,700.01

The defendants finally argue that the plaintiff is not entitled to the award of costs for additional copies of the transcript made purely for the convenience of the attorney, such as the e-transcript, cd rom or Min-U-Script costs in this case. *See O'Neal v. Altheimer & Gray,* 2002 WL 31109393 at 2 (N.D. Ill. Sept. 18, 2002)(e-transcript not recoverable); *see also Hardy v University of Illinois-Chicago,* 2002 WL 2022602 (N.D. Ill Sept 3, 2002) (min-u-scripts and other condensed transcripts, as a second copy, not recoverable). The court agrees and will deduct these duplicate costs including $25 for a e-transcript of Cornell, $105 for a cd rom of Gubbles, Bentley and Hurley, $90 for a min-u-script of Gubbles, Bentley and Hurley's deposition and $36 for an e-transcript of the White, Krug and Parks depositions

Taking this adjustment into account, the total cost for depositions and transcripts is $4,444.01.

4) The plaintiff is asking for $40.00 in witness fees for depositions. The defendant has not objected to this amount beyond his objection to paying deposition costs.

5) The plaintiff is seeking $2027.34 for the cost of copies including the reproduction of plaintiff's medical and prison records, service copies of pleadings, discovery requests and responses, as well as motions with exhibits. The defendant objects that this amount is excessive since the incident and medical records were limited to a specific time period.

The plaintiff is entitled to recover the costs for making necessary copies of necessary documents. *Rogers v City of Chicago,* 2002 WL 423723 at 4 (N.D. Ill March 15, 2002). Copying

documents for production in discovery is necessary and recoverable. *Antonson v United Armored Services, Inc.,* 2002 WL 908424 (N.D. Ill. May 6, 2002). For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. *Id.* "The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet the burden, the court should not award costs for those items. *Ochana v Flores,* 206 F.Supp.2d 941, 946 (N.D. Ill. 2002). The court notes that the plaintiff is not required to submit a bill of costs "containing a description so detailed as to make it impossible economically to recover photocopying costs." *Mortenson v National Union Insurance Co.*, 2000 WL 347766 at 1 (N.D. Ill. April 3, 2000). However the court cannot award "photocopying costs without some confidence that the costs are properly recoverable." *Oxhana* 206 F.Supp.2d at 946.

The plaintiff says the copying costs include a certified copy of the plaintiff's prison and medical records, and the costs of providing the court with copies of exhibits associated with various motions. The plaintiff has provided copies of bills for copies, but it is unclear what documents were copied. There are three bills for $664.50, $198.25 and $1,164.59. There is no information with any bill pertaining to what documents were copied. It is also not entirely clear what the price was per copy, but it appears to be less than $.13 per copy. The court notes that the defendant is not challenging the cost per copy, only the number of copies.

In her reply to the defendant's objection to the Bill of Costs, the plaintiff says 11,198 copies were made in total. The plaintiff points out that one copy of the document production alone is a little more than 2,000 pages. The plaintiff also says given that there were multiple attorneys working on the case over four years, more than one copy of this set was made. However, the plaintiff is not entitled to recover the costs of additional copies of these documents made for the convenience of the plaintiff's multiple attorneys. *See Horizon Hobby, Inc. V. Ripmax, Ltd.,* 2009 WL 3381163 (C.D. Ill. Oct. 15, 2009); *see also Business Systems Engineering, Inc. v. International Business Machines,* 249 F.R.D. 313, 315 (N.D. Ill. 2008) (additional copies made for use of party's attorneys would not be recoverable.)

The court will allow copying costs. However, the plaintiff must first provide more information about what copies were for discovery and court motions, and which copies were made to provide additional copies to the plaintiff's multiple attorneys. The plaintiff has not met its burden to show that the costs for all copies were necessary to this litigation. *Gizaw v. Illinois Department of Public Aid,* 2004 WL 1403773 at 2 (N.D. Ill. June 22, 2004). The plaintiff must provide a more detailed account of her copying costs within 14 days of this order.

6) The plaintiff is asking for other costs incurred which total $446.16. The plaintiff says two attorneys were admitted to the Central District of Illinois for purposes of the trial in this case. The plaintiff says the court may tax admission fees to the Central District of Illinois for up to two attorneys. *Mason v Smithkline Beacham Corp,* 2008 WL 5307579 at 1 (C.D. Ill. Oct. 7, 2008)(allowing cost for admission of two attorneys, but not six); *see also United States v Emergency Medical Association of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006)(awarding costs for the admission of one attorney).

The defendant argues that in *Mason*, six out-of-state attorneys were admitted to the court and the court ruled that two of them could recover. In the case at bar, two of the attorneys on record were admitted to the Central District prior to this litigation. Therefore, the defendant argues the admittance of two additional attorneys is not a reasonable or necessary expense.

The plaintiff counters that one of those attorneys, Mr. Hirschman, appeared in the case on February 2, 2009, shortly before a February trial date because Attorney Mr. Fenton has a scheduling conflict. The trial date was moved, and Mr. Hirschman had no further involvement with the case.

The court will allow the costs for the admission of one attorney ($223.08), but agrees with the defendant that any addition fee costs would be excessive in this case.

The court concludes that the following costs sought fall within the categories of costs statutorily authorized for reimbursement:

$34.44 Court Fees
$298.50 Service of Subpoenas
$4,444.01 Deposition and Transcripts
$40.00  Witness Fees
$223.09 Attorney Admission Fee
Copying costs- undetermined

TOTAL: $5040.04

The court does not believe the plaintiff has demonstrated that the costs of any additional copies of deposition transcripts made purely for the convenience of the attorney is recoverable. In addition, the plaintiff must provide more detailed information concerning the costs of photocopying documents.

IT IS THEREFORE ORDERED that:

1)      The plaintiff's motion for attorneys' fees is granted. [d/e 88]

a)      Attorneys fees are awarded in the amount of $3,750.00.

b)      Pursuant to 42 U.S.C § 1997e(d)(2), the court applies 1% of the fee award, or
        $37.50, to satisfy the attorneys' fees awarded in subparagraph (a) above. The
        balance of attorneys' fees ($3,712.50) is assessed against the defendant.

2)      Costs under 28 U.S.C. § 1920 are awarded to the plaintiff and taxed against the
        defendant against whom judgment was entered in the amount of  $5040.04.

3)	The court will also award the costs of copying documents.  The plaintiff must provide information concerning which costs were for additional copies due to multiple attorneys representing the plaintiff, and which copies were for discovery, court motions and trial.   This information must be provided within 14 days. The defendant may file a response within 7 days.


Enter this 29th day of September, 2010.


			**\s\Harold A. Baker**
			_____
				HAROLD A. BAKER
				UNITED STATES DISTRICT JUDGE